IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LAZARO PONCE,<br><br>Plaintiff,<br><br>v.<br><br>BART MORTENSON, et al.,<br><br>Defendants. | **ORDER AND MEMORANDUM DECISION TO CURE DEFICIENT COMPLAINT**<br><br>Case No. 2:24-cv-273-TC<br><br>Judge Tena Campbell |

Plaintiff Lazaro Ponce, who is a self-represented inmate, brings this civil rights action under 42 U.S.C. § 1983.[1]  The court has screened Mr. Ponce's Complaint (ECF No. 4) under its statutory review function.  See 28 U.S.C. § 1915A.[2]  The court now orders Mr. Ponce to file an Amended Complaint to cure the Complaint's deficiencies before further pursuing claims.

---

[1] The federal statute creating a "civil action for deprivation of rights" reads:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory … , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

[2] The screening statute, 28 U.S.C. § 1915A, reads:

> (a) Screening.—The court shall review … a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## COMPLAINT'S DEFICIENCIES

The court notes the following deficiencies and provides guidance below concerning

specific issues.  The Complaint:

(a) alleges conspiracy claims that are too vague.

(b) improperly alleges civil rights violations on a respondeat superior theory.

(c) does not affirmatively link each specific civil rights violation to each named defendant.

(d) does not adequately link each claim of improper physical treatment to specific named defendant(s).

(e) does not adequately link each element of a retaliation claim to specific named defendant(s).

(f) does not adequately link each element of a failure-to-protect claim to specific named defendant(s).

(g) alleges possible constitutional violations resulting in injuries that appear to be prohibited by 42 U.S.C.S. § 1997e(e), which reads: "No Federal civil action may be brought by a prisoner … for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission of a sexual act."

(h) appears to allege crimes committed by the Defendants; however, a federal civil rights action is not the proper place to address criminal behavior.

(i) includes claims based on current confinement; however, the complaint does not appear to have been submitted using legal help to which Plaintiff is constitutionally entitled by Plaintiff's institution—i.e., the prison contract attorneys.  See Lewis v. Casey, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'adequate law libraries or adequate assistance from persons trained in the law' … to ensure that inmates … have a reasonably adequate opportunity to file

---

(b) Grounds for dismissal.—On review, the court shall identify cognizable claims
or dismiss the complaint, or any portion of the complaint, if the complaint—
    (1) is frivolous, malicious, or fails to state a claim upon which relief may
    be granted; or
    (2) seeks monetary relief from a defendant who is immune from such
    relief.

nonfrivolous legal claims challenging their convictions or conditions of confinement" (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977) (emphasis added))).

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction …; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought …."  Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."  TV Commc'ns Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the court "to assume the role of advocate for [a] pro se litigant."  Id. Thus, the court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."  Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989).

### A.  General Considerations

Mr. Ponce should consider these general points before filing an amended complaint:

(i) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint.  See Murray v. Archambo, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).  The amended

complaint may not be added to after it is filed without moving for amendment.  Fed. R. Civ.

P. 15.

(ii) Each defendant must be named in the complaint's caption, listed in the section of the

complaint setting forth names of each defendant, and affirmatively linked to applicable claims

within the "cause of action" section of the complaint.

(iii) The complaint must clearly state what each individual defendant—typically, a named

government employee—did to violate Plaintiff's civil rights.  See Bennett v. Passic, 545 F.2d

1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is an

essential allegation in a civil rights action).  "To state a claim, a complaint must 'make clear

exactly who is alleged to have done what to whom.'"  Stone v. Albert, 338 F. App'x 757, 759

(10th Cir. 2009) (quoting Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)).  Plaintiff

should also include, as much as possible, specific dates or at least estimates of when alleged

constitutional violations occurred.

(iv) Each cause of action, together with the facts and citations that directly support it,

should be stated separately.  Plaintiff should be as brief as possible while still using enough

words to fully explain the "who," "what," "where," "when," and "why" of each claim.  Robbins,

519 F.3d at 1248 ("The [Bell Atlantic Corp. v.] Twombly Court was particularly critical of

complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].'

[550 U.S. 544, 565] n.10 (2007).  Given such a complaint, 'a defendant seeking to respond to

plaintiffs' conclusory allegations … would have little idea where to begin.'  Id.").

(v) Plaintiff may not name an individual as a defendant based solely on that individual's supervisory position.  See Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating that supervisory status alone does not support § 1983 liability).

(vi) The bare denial of a grievance, "by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009).

(vii) "No action shall be brought with respect to prison conditions under [Federal law] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  But Plaintiff need not include grievance details in his complaint.  Failure to exhaust administrative remedies is an affirmative defense that must be raised by Defendants.  Jones v. Bock, 549 U.S. 199, 216 (2007).

**B. Conspiracy**

For his potential conspiracy claims, Mr. Ponce "must specifically plead 'facts tending to show agreement and concerted action.'"  Beedle v. Wilson, 422 F.3d 1059, 1073 (10th Cir. 2005) (quoting Sooner Prods. Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983)).  Mr. Rusk has not met this responsibility in his current complaint; his vague assertions that multiple people were involved in breaching his civil rights—and, therefore, that a conspiracy must be involved— are not enough.  He must assert more detail to pursue these claims further.

**C. Respondeat Superior**

In asserting a § 1983 claim against a government agent in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Consequently, there is no <u>respondeat superior</u> liability under § 1983.  <u>See id.</u> at 676 ("Because vicarious liability is inapplicable to <u>Bivens</u> and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); <u>Bd. of Cnty. Comm'rs v. Brown</u>, 520 U.S. 397, 403 (1997).  Entities may not be held liable on the sole ground of an employer-employee relationship with a claimed tortfeasor.  <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 689 (1978).  Supervisors are considered liable for their own unconstitutional or illegal policies only, and not for employees' tortious acts.  <u>See</u> <u>Barney v. Pulsipher</u>, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

### D. Affirmative Link

A plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal participation requirement:

> That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue.  [<u>Vasquez v. Davis</u>, 882 F.3d 1270, 1275 (10th Cir. 2018).]  Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." <u>Pahls v. Thomas</u>, 718 F.3d 1210, 1225 (10th Cir. 2013); <u>see also</u> <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants "it is particularly important … that the complaint make clear exactly <u>who</u> is alleged to have done <u>what</u> to <u>whom</u>"); <u>Tonkovich v. Kan. Bd. of Regents</u>, 159 F.3d 504, 532–33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants—"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"—and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

<u>Estate of Roemer v. Johnson</u>, 764 F. App'x 784, 790–91 (10th Cir. 2019) (footnote omitted).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal."

<u>Id.</u> at 790 n.5.  Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the

personal-participation requirement will not only justify dismissal for failure to state a claim; it

will render the plaintiff's claim frivolous." Id.

### E.  Inadequate Physical Treatment

The standards governing such claims are as follows:

> Prison officials must ensure that inmates receive adequate food, clothing, shelter,
> and medical care.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  An inmate
> raising an Eighth Amendment conditions-of-confinement claim must prove both
> an objective and subjective component associated with the deficiency.  Id. at
> 834.  The objective component requires conditions sufficiently serious so as to
> (1) deprive an inmate "of the minimal civilized measure of life's necessities" or
> (2) subject an inmate to "a substantial risk of serious harm."  Shannon v. Graves,
> 257 F.3d 1164, 1168 (10th Cir. 2001) (quotation omitted).  "The subjective
> component requires that a defendant prison official have a culpable state of mind,
> that he or she acts or fails to act with deliberate indifference to inmate health and
> safety."  Id.  To prove deliberate indifference, a prisoner must adduce sufficient
> facts to show the defendant knew of and disregarded "an excessive risk to inmate
> health or safety."  Farmer, 511 U.S. at 837.  Under this standard, "the official
> must both be aware of the facts from which the inference could be drawn that a
> substantial risk of serious harm exists, and he must also draw the
> inference."  Id.  This high standard for imposing personal liability on prison
> officials (i.e., the same standard of subjective recklessness used in the criminal
> law) is necessary to ensure that only those prison officials that inflict punishment
> are liable for violating the dictates of the Eighth Amendment.  Id. at 835–45; see
> also Self v. Crum, 439 F.3d 1227, 1232 (10th Cir. 2006) (holding that Farmer's
> "subjective component is not satisfied … absent an extraordinary degree of
> neglect"); Giron v. Corr. Corp. of Am., 191 F.3d 1281, 1286 (10th Cir.
> 1999) (recognizing that Farmer's deliberate indifference standard sets out a
> "stringent standard of fault").

Brooks v. Colo. Dep't of Corr., 12 F.4th 1160, 1173 (10th Cir. 2021).

### F.  Retaliation Claim

To properly assert a retaliation claim, Mr. Ponce must allege three elements: (1) he was

involved in "constitutionally protected activity"; (2) the Defendants' behavior injured him in a

way that "would chill a person of ordinary firmness from continuing to engage in that activity";

and (3) the Defendants' injurious behavior was "substantially motivated" as a reaction to his

constitutionally protected conduct.  Shero v. City of Grove, 510 F.3d 1196, 1203 (10th

Cir. 2007).

### G.  Failure to Protect

The standards governing this type of claim are as follows:

> The Eighth Amendment imposes a duty on prison officials to provide humane
> conditions of confinement, including "reasonable measures to guarantee the safety
> of the inmates."  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quotations
> omitted).  This obligation includes a duty "to protect prisoners from violence at
> the hands of other prisoners."  Id. at 833 (quotations omitted).  "To prevail on a
> failure to protect claim, an inmate must show (1) that the conditions of his
> incarceration present[ed] an objective substantial risk of serious harm and (2)
> prison officials had subjective knowledge of the risk of harm."  Requena v.
> Roberts, 893 F.3d 1195, 1214 (10th Cir. 2018) (quotations omitted).  To satisfy
> the second prong, the inmate must show that the prison official was deliberately
> indifferent to the inmate's health or safety.  Farmer, 511 U.S. at 834.  A prison
> official will not be liable unless he "knows of and disregards an excessive risk to
> inmate health or safety; the official must both be aware of facts from which the
> inference could be drawn that a substantial risk of serious harm exists, and he
> must also draw the inference."  Id. at 837.

Pittman v. Kahn, No. 23-1153, 2024 U.S. App. LEXIS 3043, at *3–4 (10th Cir. Feb. 9, 2024).

### ORDER

IT IS HEREBY ORDERED as follows:

1.      Within **thirty days**, Plaintiff must cure the Complaint's deficiencies noted above

by filing a document titled "Amended Complaint" that does not refer to or include any other

document.

2.      The Clerk of Court shall mail Plaintiff the Pro Se Litigant Guide with a blank-

form civil rights complaint, which Plaintiff must use if he wishes to pursue his potential claims

further.

3.      If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

4.      The Amended Complaint shall not include any claims outside the dates and allegations of transactions and events contained in the Complaint, filed April 19, 2024.  The court will not address any such new claims or outside allegations, which will be dismissed.  If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new case.

5.      Plaintiff must tell the court of any address change and comply in a timely manner with court orders.  See D. Utah Civ. R. 83-1.3(e) ("In all cases, counsel and parties appearing pro se must notify the clerk's office immediately of any change in address, email address, or telephone number.").  Failure to do so may result in this action's dismissal for failure to prosecute.  See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").

6.      Time extensions are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

7.      No direct communication is to take place with any judge.  All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the Clerk of Court.

8.      Plaintiff must observe this District of Utah local rule: "A party proceeding without an attorney (unrepresented party or pro se party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action." DUCivR 83-1.6(a).

9.      Plaintiff's motion for protective order (ECF No. 7) is DENIED.  There is no valid complaint on file as of this Order.

DATED this 7th day of June, 2024.

BY THE COURT:

TENA CAMPBELL
United States District Judge