IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LAZARO PONCE,<br><br>                Plaintiff,<br><br>v.<br><br>BART MORTENSEN, Former Warden at the Utah State Correctional Facility; CASSIDY ROSS, STG Sergeant; BRAIN LUNA, Correctional Officer; CATHIE TRUJILLO, Mail Room Manager; SHARON D'AMICO, Warden at the Utah State Correctional Facility; DAVID SORENSEN, Captain in the Utah Department of Corrections; BRYAN, Lieutenant in the Utah Department of Corrections; NEI, Medical Nurse; A. CONKLIN, Correctional Officer; and T. LUND, Sergeant in the Utah Department of Corrections,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR SERVICE OF PROCESS AND DENYING OTHER MOTIONS**<br><br><br>Case No. 2:24-cv-273-TC<br><br>Judge Tena Campbell |

Plaintiff Lazaro Ponce, a Utah inmate who represents himself, has filed a Second Amended Complaint (SAC) alleging violations of his civil rights under 42 U.S.C. § 1983. (ECF No. 91.) He proceeds in forma pauperis in this matter. See 28 U.S.C. § 1915. Mr. Ponce filed his SAC after the court granted him leave to amend his complaint. (See Mem. Decision & Order, Mar. 28, 2025, ECF No. 87.)

In the court's previous decision, the court ordered as follows: "The Second Amended Complaint must not contain any allegations outside the claims and events contained in the First Amended Complaint and Mr. Ponce's Motions for Leave to File Supplemental Pleadings." (Id.

1

at 17.)  Having now screened the SAC, the court finds that, while lengthy, the SAC substantially complies with the court's order.  The new causes of action relate to 1) an alleged assault on February 5, 2025; 2) an alleged assault on February 26, 2025; 3) an incident related to a blood draw on April 16, 2024; and 4) additional instances in which Mr. Ponce claims that he was denied access to writing supplies and legal research materials.

Mr. Ponce asserts these new causes of action against six additional defendants: 1) Sharon D'Amico, the current Warden of the Utah State Correctional Facility; 2) Captain David Sorensen; 3) Lieutenant Bryan; 4) Medical Nurse Nei; 5) Correctional Officer A. Conklin; and 6) Sergeant T. Lund.  The court has already granted Mr. Ponce leave to add Warden D'Amico as a defendant.  (Id. at 17.)  Based on a review of the Amended Complaint (ECF No. 17), the court concludes that official service of process is warranted for Warden D'Amico and the other new Defendants.  See 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases.").  Therefore, under Federal Rule of Civil Procedure 4(d)(1), the court requests waiver of service from these Defendants.

Mr. Ponce has filed several motions in addition to his motion for service of process.  These include motions for a protective order, a preliminary injunction, an evidentiary hearing, and discovery.  (ECF Nos. 92, 93, 96, 98, 99 101.)  In its previous order, the court ruled on several similar motions and held as follows: "[O]ther than his Second Amended Complaint, the court will not consider additional filings from Mr. Ponce at this time except in extraordinary circumstances …."  (ECF No. 87 at 9.)

The court finds that Mr. Ponce's new motions do not rise to the level of extraordinary circumstances.  For instance, Mr. Ponce moves for a protective order following an incident on June 26, 2025, in which Mr. Ponce alleges that he was unable to use a tablet for legal research

because its screen was smashed.  (ECF No. 96.)  Mr. Ponce also references additional threats that were made to him if he did not drop the current lawsuit.  (Id.)  These allegations are similar to the allegations that Mr. Ponce makes in the SAC.  And as the court has previously held, Mr. Ponce may continue to document these incidents and provide that information to the court in his response to the Defendants' Martinez report.  (See ECF No. 87 at 7.)  But this litigation will never progress if the court requires the Defendants to respond to allegations of new incidents before it can hear the Defendants' response to the similar allegations in the SAC.

Similarly, the court denies Mr. Ponce's motion for a preliminary injunction (ECF No. 98) because Mr. Ponce mostly seeks to enjoin the warden and prison officials from acting unlawfully, which these Defendants are already under a duty to refrain from doing.  (See also ECF No. 87 at 10 (making a similar ruling concerning Mr. Ponce's previous motion for a protective order against the former warden).)  Mr. Ponce has now filed his SAC containing new allegations, and the court must protect the Defendants' due process rights by providing them with a chance to respond.  Absent a strong showing of imminent harm, which the court finds Mr. Ponce has not demonstrated in the motions currently pending, the court will not disrupt the orderly process outlined in the order below by requiring the Defendants to respond to additional motions for protective orders or preliminary injunctions.

Mr. Ponce's remaining motions, other than his motion for service of process, are premature.  (See id. at 4.)  Having completed the screening of Mr. Ponce's new complaint, the court must now provide the Defendants with a chance to respond before considering whether additional discovery is necessary.  After the Defendants file their Martinez report, Mr. Ponce will have an opportunity to respond with any arguments about the need for additional discovery.

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1. Under Federal Rule of Civil Procedure 4(d)(1), the Court requests waiver of service from the following defendants: (a) Utah Department of Corrections (UDOC) warden Sharon **D'Amico**; (b) UDOC captain David **Sorensen**; (c) UDOC lieutenant **Bryan**; (d) UDOC medical nurse **Nei**; (e) UDOC officer A. **Conklin**; and (f) UDOC sergeant T. **Lund**. (See ECF No. 91 at 4–5.)

2. The court GRANTS Mr. Ponce's Motion for Service of Process (ECF No. 92) and directs the Clerk of Court to mail the following items to the six new Defendants listed above as follows:

    a. Notice of a Lawsuit and Request to Waive Service of a Summons, AO form 398; two copies of Waiver of the Service of Summons, AO form 399; copy of the Second Amended Complaint (ECF No. 91), and this Order to: **Utah Department of Corrections, Att'n: Correctional Program Coordinator—3rd Floor DPO Suite, 14717 South Minuteman Drive, Draper, Utah 84020**.

    b. Copies of the Second Amended Complaint and this Order to: **Utah Attorney General's Office, Att'n Litigation Division, Prisoner Litigation Unit, 160 East 300 South, Sixth Floor, P.O. Box 140856, Salt Lake City, Utah 84114-0856**.

3. The Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires the Defendants to cooperate in saving unnecessary costs of service of summons and complaint. Under Rule 4, if the Defendants do not waive service after being asked by the court to do so on Mr. Ponce's behalf, the Defendants must bear service costs unless they show good

cause for not signing and returning the waiver form. If service is waived, this action will proceed as if the Defendants had been served on the day the waiver is filed, except that the Defendants need not file an answer until **60 days** from the date when the waiver request was sent. See Fed. R. Civ. P. 4(d)(3) (allowing more days to respond than would be allowed if formal summons service is necessary). The Defendants must read the statement at the waiver form's end that more completely describes the party's duties about waiver. If service is waived after the deadline given in the Notice of a Lawsuit and Request to Waive Service of a Summons but before the Defendants have been personally served, the Answer shall be due **60 days** from the date on which the request for waiver was sent or **20 days** from the date the waiver form is filed, whichever is later.

    4.    If the Defendants do not execute waivers, attorney(s) for the Defendants must file a notice with reasons for not giving a waiver. A notice is due **30 days** from the date a request was sent.

    5.    The Defendants shall answer the Second Amended Complaint, observing the Federal Rules of Civil Procedure and the following litigation schedule:

    a.    Within **60 days** of the date of waiver request, all Defendants shall file an answer.

    b.    Within **90 days** of filing an answer, all Defendants shall prepare and file a Martinez report[1] addressing the substance of the Second Amended Complaint.

---

[1] See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials). In Gee v. Estes, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a Martinez report, stating:

5

   c. The court will set a briefing schedule for summary judgment motions after addressing any motions filed by Mr. Ponce in response to the <u>Martinez</u> report.

   d. If the Defendants wish to seek relief otherwise available under the procedural rules, the Defendants are directed to file an appropriate motion to amend this scheduling order.

 6. Mr. Ponce must respond to the <u>Martinez</u> report within **30 days** after it is filed. Mr. Ponce must expect that <u>Martinez</u> reports may "be used for their truth against a plaintiff if the plaintiff has been warned that failing to respond to the <u>Martinez</u> report could lead to that result." <u>Ortiz v. Torgensen</u>, 857 F. App'x 419, 426–27 (10th Cir. 2021).  This order is the warning.  Mr. Ponce may file a motion asking for additional discovery concurrently with his response.

 7. The court directs the Clerk of Court to lodge any documents sent by Mr. Ponce other than a response or motion for discovery that he files after the Defendants have filed their <u>Martinez</u> report.  The Defendants need not respond to any filings before they have filed their <u>Martinez</u> report unless specifically ordered by the court.

 8. The court DENIES Mr. Ponce's motion for a polygraph test.  (ECF No. 93.)

 9. The court DENIES Mr. Ponce's motion for a protective order.  (ECF No. 96.)

---

Under the <u>Martinez</u> procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports.  The purpose of the <u>Martinez</u> report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims.  This, of course, will allow the court to dig beneath the conclusional allegations.  These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

<u>Id.</u> at 1007.

10. The court DENIES Mr. Ponce's motion for an order to show cause, for a preliminary injunction, and for a temporary restraining order. (ECF No. 98.)

11. The court DENIES Mr. Ponce's motion for an evidentiary hearing. (ECF No. 99.)

12. The court DENIES Mr. Ponce's motion for discovery. (ECF No. 101.)

DATED this 21st day of October, 2025.

BY THE COURT:

*Tena Campbell*

Tena Campbell
United States District Judge